**Abatement Order filed April 7, 2022**



**In The**

# Fourteenth Court of Appeals

_____

**NO. 14-21-00166-CR**
**NO.  14-21-00167-CR**

_____

**DEXTER  TRAVON  CARPENTER, Appellant**

**V.**

**THE STATE OF TEXAS, Appellee**

---

**On Appeal from the 177th District Court**
**Harris County, Texas**
**Trial Court Cause No. 1592887 and 1592908**

---

## ABATEMENT ORDER

Appellant is represented by retained counsel, Arthur Washington. Appellant's brief was originally due **July 21, 2021.** On November 2, 2021, we abated this appeal for a hearing to determine the reason for failure to file a brief. *See* Tex. R. App. P. 38.8(b). On January 14, 2022 a record of the hearing was filed. On February 11, 2022 a supplemental clerk's record was filed. The trial court made findings that appellant desires to continue his appeal with Arthur Washington as his appellate counsel. The trial court did not make findings on the date certain when the brief would be filed. On February 17, 2022, this court ordered Arthur Washington to file a brief with the clerk of this court within 30 days. On March 21, 2022**,** the time to file appellant's brief expired. No brief or motion for extension of time was filed.  *See* Tex. R. App. P. 38.6(a).

Rule 38.8 provides that we will not dismiss or consider the appeal without briefs unless it is shown the appellant no longer desires to prosecute his appeal or that he is not indigent and has failed to make necessary arrangements for filing a brief. Tex. R. App. P. 38.8(b). Pursuant to Tex. R. App. P. 38.8(b) (a copy of which is attached) the judge of the 177th District Court shall (1) immediately conduct a hearing, at which appellant, appellant's counsel, and state's counsel shall participate, either in person or by video teleconference, to determine (a) the reason for the failure to file a brief; (b) if appellant desires to continue the appeal, a date certain when appellant's brief will be filed; and (2) prepare a record, in the form of a reporter's record, of the hearing. If appellant is indigent, the judge shall take such measures as may be necessary to assure effective representation of counsel, which may include the appointment of new counsel. The judge shall see that a record of the hearing is made, shall make findings of fact and conclusions of law, and shall order the court reporter to forward a transcribed record of the hearing, a videotape or compact disc, if any, containing a recording of the video teleconference, and order the trial clerk to forward a supplemental clerk's record containing the findings and conclusions. Those records shall be filed with the clerk of this court on or before **May 12, 2022.**

The appeal is abated, treated as a closed case, and removed from this Court's active docket. The appeal will be reinstated on this Court's active docket when the trial court's findings and recommendations are filed in this Court. The Court will also consider an appropriate motion to reinstate the appeal filed by either party, or the Court may reinstate the appeal on its own motion. It is the responsibility of any party seeking reinstatement to request a hearing date from the trial court and to schedule a hearing in compliance with this Court's order. If the parties do not request a hearing, the court coordinator of the trial court shall set a hearing date and notify the parties of such date.

PER CURIAM

Panel Consists of Justices Wise, Poissant, and Wilson.

**Tex. R. App. P. 38.8. Failure of Appellant to File Brief.**

(b) *Criminal Cases*.

(1) Effect.  An appellant's failure to timely file a brief does not authorize either dismissal of the appeal or, except as provided in (4), consideration of the appeal without briefs.

(2) Notice.  If the appellant's brief is not timely filed, the appellate clerk must notify counsel for the parties and the trial court of that fact.  If the appellate court does not receive a satisfactory response within ten days, the court must order the trial court to immediately conduct a hearing to determine whether the appellant desires to prosecute his appeal, whether the appellant is indigent, or, if not indigent, whether retained counsel has abandoned the appeal, and to make appropriate findings and recommendations.

(3) Hearing.  In accordance with (2), the trial court must conduct any necessary hearings, make appropriate findings and recommendations, and have a record of the proceedings prepared, which record -- including any order and findings -- must be sent to the appellate court.

(4) Appellate Court Action.  Based on the trial court's record, the appellate court may act appropriately to ensure that the appellant's rights are protected, including initiating contempt proceedings against appellant's counsel.  If the trial court has found that the appellant no longer desires to prosecute the appeal, or that the appellant is not indigent but has not made the necessary arrangements for filing a brief, the appellate court may consider the appeal without briefs, as justice may require.